**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DEBRA S. WALDEN,**                                                                                          **Plaintiff**

**v.**                                                               **No. 1:04CV295-GHD-EMB**

**JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,**                                     **Defendant**

## REPORT AND RECOMMENDATION

Plaintiff Debra S. Walden seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied her claim for a disability insurance benefits under Title II of the Act. The matter has been assigned to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. Having fully considered the record of this case, the submissions of the parties and the applicable law, I find and recommend as follows.

**Procedural History**

On November 15, 1999, plaintiff filed an application for disability benefits under Title II, and it was denied at the initial administrative level on January 24, 2000. Plaintiff apparently did not request reconsideration of this decision. (Tr. 814-19). Plaintiff filed a subsequent application for disability benefits under Title II on March 16, 2001, alleging a disability onset date of January 15, 1997. (Tr. 17, 800-02). This application was denied initially and on reconsideration. (Tr. 17, 808-13, 821, 803-06, 821). In a hearing decision dated September 27, 2002, an administrative law judge ("ALJ") found plaintiff was not disabled as defined in the Social Security Act. (Tr. 16-23). The hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 23, 2004. (Tr. 4-7), and the ALJ's final hearing decision is now ripe for review under Section 205(g) of the

Social Security Act, 42 U.S.C. §405(g).

**Statement of Facts**

Plaintiff was 46 years of age at the time of the first hearing from which a decision was made on September 27, 2002 . (Tr. 17). She completed high school. (Tr. 17, 134). Her previous work experience included work as a bookkeeper, secretary, customer service representative, seafood manager, waitress and motel clerk. (Tr. 118, 146). Plaintiff alleged that she could no longer work due to seizures, migraine headaches, asthma, and reflux disease. (Tr. 17, 128). She is insured for benefits through December 2001. (Tr. 140, 154).

After evaluation of the medical evidence of record and testimony at the hearing, (Tr. 44-87), the ALJ found plaintiff not disabled. (Tr. 23). Contrary to Plaintiff's allegation of disability, the ALJ found that she had the residual functional capacity ("RFC") to perform a significant range of work at all exertional levels. (Tr. 25, Finding No. 8).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of

3

1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders v. Sullivan,* , 914 F.2d 614,618 (5th Cir. 1990).

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

**Analysis**

The issues before the Court in this case are as follows:

1. Whether the ALJ committed reversible error in failing to provide any reasons whatsoever for his rejection of the opinion of Dr. Randle, a consulting physician who examined Mrs. Walden at the specific request of the ALJ.

---

a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

2. Whether the ALJ committed reversible error in according "limited weight" to the opinion of Dr. Parsons, Mrs. Walden's treating physician, without conducting the required analysis and/or recontacting him to provide further information to address concerns regarding his opinion as required.

3. Whether the ALJ committed reversible error in relying on the opinion of a nonexamining physician in determining Mrs. Walden's RFC instead of the more recent medical opinions of record.

4. Whether the ALJ committed reversible error in not considering the impact of Mrs. Walden's treatment on her ability to perform sustained work activities as required.

Plaintiff's Brief p. 1.

Plaintiff argues that the ALJ did not properly consider the medical opinions of Drs. Gerald P. Randle and F. Morris Parsons. Plaintiff's Brief at pp. 13-20. Specifically, plaintiff contends the ALJ gave too little weight to the opinions of Dr. Randle, an examining source, and Dr. Parsons, her treating physician, and too much weight to the opinion of the state agency medical consultant. *Id.* I find that plaintiff's arguments are without merit. The ALJ was not required to give controlling or significant weight to the opinions of Drs. Randle and Parsons because these opinions originated after December 31, 2001, the date Plaintiff's insured status lapsed.

Because plaintiff's Title II insured status expired on December 31, 2001, she had to establish that she became disabled on or before that date to be eligible for benefits. *See Milan v. Bowen,* 782 F.2d 1284, 1286 (5th Cir. 1990). Evidence showing a degeneration of a claimant's condition after the expiration of [her] Title II insured status is not relevant to the Commissioner's Title II disability analysis." *See Torres v. Halala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995). On July19, 2002, Dr. Randle opined that plaintiff could lift and carry up to 50 pounds on occasion. (Tr. 20, 684). Dr. Randle found no limitations upon plaintiff's ability to sit and stand/walk. (Tr. 685). He precluded plaintiff from all climbing and balancing. (Tr. 20, 685). He also found

5

plaintiff was limited as to reaching, handling, seeing, hearing, working at heights, and work involving moving machinery. (Tr. 20, 686). In a letter dated September 2002, Dr. Parsons opined that plaintiff was permanently disabled from gainful work by reason of her medical impairments. (Tr. 21, 793). There is nothing in the record indicating that these opinions were anything other than an assessment of plaintiff's condition as of the dates of the opinions. As such, plaintiff's reliance on *Likes v. Callahan*, 112 F. 3d. 189, 190 (5th Cir. 1997), a decision with which this Court is very familiar, is misplaced. Plaintiff's Reply Brief at p. 2. Neither Dr. Randle nor Dr. Parsons issued a retrospective diagnosis in this case. Moreover, even if it had been proper to consider these opinions, the Fifth Circuit pointed out in *Newton v. Apfel*, 209 F.3d at 455, that "[e]ven though the opinion and diagnoses of a treating physician should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.' "

Plaintiff also argues that the ALJ erred in relying upon the opinion of the non-treating, non-examining state agency medical consultant. Plaintiff's Brief at pp. 19-20. Specifically, plaintiff characterizes said opinion as "outdated" and contends it did not incorporate more recent medical findings. *Id.*

On May 7, 2001, the agency medical consultant opined that plaintiff had no exertional limitations, could climb and balance occasionally, had to avoid concentrated exposure to workplace hazards, and could not drive. (Tr. 597-600). As defendant points out, this opinion predates plaintiff's date last insured. Moreover, from my review of plaintiff's medical records produced after May 7, 2001, a large part of it should not have been considered because it was not relevant to the period before plaintiff's insured status expired. Nonetheless, I find the state agency consultant's opinion is not inconsistent with and is supported by other medical evidence

of record dated prior to December 31, 2001. Indeed, plaintiff makes no attempt either in her Brief or Reply Brief to point out any inconsistencies. As such, the ALJ properly relied on the state agency consultant's opinion.

Finally, Plaintiff argues the ALJ did not properly consider the impact of her medical treatment upon her capacity to perform sustained work activities. Plaintiff's Brief at pp. 20-22. This treatment consisted of emergency room visits at the rate of more than two per month for the administration of injections to control her migraine headaches. Plaintiff stated she had 52 visits in calendar year 2000 and 26 visits in 2001. *Id.* at 21. According to plaintiff, her need for this level of treatment precluded "sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Having reviewed the voluminous records of emergency room visits and other evidence in this case, I find the ALJ's determination that plaintiff retained the ability to perform her past work as a bookkeeper is supported by substantial evidence.

First, there is ample evidence in the record to support the ALJ's rejection of plaintiff's subjective complaints regarding her pain and limitations. Plaintiff testified that her numerous emergency room visits were of her own initiation. (Tr. 60). Additionally, the record indicates plaintiff had been prescribed Stadol, which was highly addictive, for her headaches. (Tr. 654, 676). Treatment notes indicate plaintiff did not comply with her prescribed treatment and her doctors questioned whether she was drug-seeking. (Tr. 699-700, 716, 729, 754-55). Moreover, Dr. Parsons, who gave an impression of headaches of a "questionable" etiology in July 2001, (Tr. 654), changed his impression to "questionably stress verses [sic] migraine in August 2001." (Tr. 650). Finally, plaintiff testified that when she took her pain medication, her headache pain was reduced to a Level of 2 on a ten point pain scale. (Tr. 45-48). Because plaintiff testified that she

7

was unable to work largely due to her migraines, and substantial objective medical evidence indicates plaintiff's headache symptoms were not of the degree and intensity that she alleged, I find the ALJ properly determined the effects of plaintiffs impairments on her ability to perform sustained work activity.

Based on the foregoing, I find substantial evidence supports the ALJ's conclusion that plaintiff was not disabled at anytime prior to the expiration of her insured status.

**Recommendation**

For the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 13th day of March, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**

8